Thiago M. Coelho, SBN 324715
thiago@wilshirelawfirm.com
Binyamin I. Manoucheri, SBN 336468
binyamin@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff Portia Mason*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

PORTIA MASON, an individual,

        Plaintiff,

    v.

CESAROMURE, INC. d/b/a
BARRIQUE, a California
corporation; and DOES 1 to 10,
inclusive,

        Defendants.

CASE No.:

**COMPLAINT**
1. VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181
2. VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51
**DEMAND FOR JURY TRIAL**

      Plaintiff Portia Mason (hereafter "Plaintiff") brings this action based upon personal knowledge as to herself and her own acts, based upon, *inter alia*, the investigations of her attorneys.

## NATURE OF THE ACTION

      1.    Plaintiff is a visually impaired and legally blind individual who requires screen-reading software to read website content using her computer. Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

visual acuity with correction of less than or equal to 20 x 200.  Some blind people who meet this definition have limited vision.  Others have no vision.

2.      Plaintiff brings this Complaint to secure redress against Cesaromure, Inc. d/b/a Barrique (hereafter "Defendant") and DOES 1-10 for its failure to design, construct, maintain, and operate its website to be fully and equally accessible to and independently usable by Plaintiff and other blind or visually impaired individuals. Defendant's denial of full and equal access to its website, and therefore denial of its products and services offered thereby and in conjunction with its physical location, is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("UCRA").

3.      Because Defendant's website, https://www.barriquevenice.com/ (the "website" or "Defendant's website"), is not fully or equally accessible to blind and visually impaired consumers in violation of the ADA, Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's website will become and remain accessible to Plaintiff and other blind and visually impaired consumers.

**THE PARTIES**

4.      Plaintiff, at all times relevant and as alleged herein, is a resident of the County of Los Angeles.  Plaintiff is a legally blind, visually impaired, handicapped person, and a member of a protected class of individuals under the ADA, pursuant to 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

5.      Defendant is a California corporation with its headquarters in Venice, California.  Defendant's servers for the website are in the United States.  Defendant conducts a large amount of its business in California.  The physical location where Defendant's goods and services are sold to the public constitute places of public accommodation pursuant to 42 U.S.C. § 12181(7)(B), as Defendant owns, operates, and controls a brick-and-mortar restaurant.   Defendant's restaurant provides

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

important goods and services to the public.  Moreover, Defendant's website provides consumers access to the goods and services which Defendant offers in its brick-and-mortar restaurant.  For example, Defendant's website allows consumers to order goods online, purchase gift cards which are redeemable in Defendant's restaurant and its website, redeem offers and discounts that can be utilized in Defendant's restaurant or website, make restaurant reservations, complete catering requests, submit private event inquiries, and become a VIP to receive special offers and discounts.  Thus, the website connects consumers to the goods and services of Defendant's restaurant.  Consumers can also use Defendant's website to access Defendant's menu, explore Defendant's wine list, contact Defendant, view Defendant's gallery, learn about Defendant's business and team members, peruse press releases, sign in to personalized accounts, find the restaurant location and hours of operation, receive directions to Defendant's restaurant, and access Defendant's social media webpages.

6.     Plaintiff is unaware of the true names, identities, and capacities of each Defendant sued herein as DOES 1 to 10.  Plaintiff will seek leave to amend this complaint to allege the true names and capacities of DOES 1 to 10 if and when ascertained.  Plaintiff is informed and believes, and thereupon alleges, that each Defendant sued herein as a DOE is legally responsible in some manner for the events and happenings alleged herein and that each Defendant sued herein as a DOE proximately caused injuries and damages to Plaintiff as set forth below.

7.     Defendant's restaurant is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7)(B).

8.     The website provides access to the goods, services, privileges, and advantages of Defendant's brick-and-mortar location, a place of public accommodation, by allowing consumers to make restaurant reservations, purchase gift cards that are redeemable in Defendant's restaurant, order online, redeem special offers and discounts, complete catering requests, submit private event

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

1    inquiries, and become a VIP.

2    <center>**JURISDICTION AND VENUE**</center>

3       9.     Defendant is subject to personal jurisdiction in this District.  Defendant

4    has been and continues to commit the acts or omissions alleged herein in the Central

5    District of California, that caused injury, and violated rights prescribed by the ADA

6    and UCRA, to Plaintiff.  A substantial part of the acts and omissions giving rise to

7    Plaintiff's claims occurred in the Central District of California.   Specifically,

8    Plaintiff has been denied the full use and enjoyment of the facilities, goods, and

9    services of Defendant's restaurant which it provides through the website in Los

10   Angeles County.  The access barriers Plaintiff has encountered on Defendant's

11   website have caused a denial of Plaintiff's full and equal access to Defendant's

12   restaurant and now deter Plaintiff from accessing Defendant's website and

13   restaurant.  The access barriers Plaintiff has encountered on Defendant's website

14   have impeded Plaintiff's full and equal enjoyment of goods and services offered at

15   Defendant's brick-and-mortar location.

16      10.    This Court also has subject-matter jurisdiction over this action

17   pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise

18   under Title III of the ADA, 42 U.S.C. § 12181, *et seq*., and 28 U.S.C. § 1367.

19      11.    This Court has personal jurisdiction over Defendant because it

20   conducts and continues to conduct a substantial and significant amount of business

21   in the State of California, County of Los Angeles, and because Defendant's

22   offending website is available across California.

23      12.    Venue is proper in the Central District of California pursuant to 28

24   U.S.C. § 1391 because Plaintiff resides in this District, Defendant conducts and

25   continues to conduct a substantial and significant amount of business in this District,

26   Defendant is subject to personal jurisdiction in this District, and a substantial

27   portion of the conduct complained of herein occurred in this District.

28      13.    Defendant    owns,    operates,    and    maintains    a    brick-and-mortar

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

restaurant in the State of California.  Defendant's brick-and-mortar restaurant offers goods and services to the public.  Defendant also offers the very goods and services that are offered in Defendant's place of public accommodation to the public through the website.  Defendant's brick-and-mortar restaurant is a place of public accommodation pursuant to 42 U.S.C. § 12181(7)(B), and Defendant's website is subject to the ADA because it provides methods by which consumers can access the goods and services offered in Defendant's brick-and-mortar restaurant, which are inaccessible to Plaintiff, a disabled screen-reader user such as the ability to make restaurant reservations.

**THE AMERICANS WITH DISABILITIES ACT AND THE INTERNET**

14.    The Internet has become a significant source of information, a portal, and a tool for conducting business, doing everyday activities such as shopping, learning, banking, researching, as well as many other activities for sighted, blind, and visually impaired persons alike.

15.    In today's tech-savvy world, blind and visually impaired people have the ability to access websites using keyboards in conjunction with screen access software that vocalizes the visual information found on a computer screen.  This technology is known as screen-reading software.  Screen-reading software is currently the only method a blind or visually impaired person may use to independently access the internet.  Unless websites are designed to be read by screen-reading software, blind and visually impaired persons are unable to fully access websites, and the information, products, and services contained thereon.

16.    Blind and visually impaired users of Windows operating system-enabled computers and devices have several screen-reading software programs available to them.  Some of these programs are available for purchase and other programs are available without the user having to purchase the program separately. Job Access With Speech, otherwise known as "JAWS," is currently the most popular, separately purchased and downloaded screen-reading software program

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

available for a Windows computer.

17.    For screen-reading software to function, the information on a website must be capable of being rendered into text.  If the website content is not capable of being rendered into text, the blind or visually impaired user is unable to access the same content available to sighted users.

18.    The international website standards organization, the World Wide Web Consortium, known throughout the world as W3C, has published Success Criteria for version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1" hereinafter).  WCAG 2.1 are well-established guidelines for making websites accessible to blind and visually impaired people.  These guidelines are adopted, implemented, and followed by most large business entities who want to ensure their websites are accessible to users of screen-reading software programs.  Though WCAG 2.1 has not been formally adopted as the standard for making websites accessible, it is one of, if not the most, valuable resource for companies to operate, maintain, and provide a website that is accessible under the ADA to the public. Plaintiff seeks Defendant comply with WCAG 2.1 as a remedy.  Plaintiff does not premise Defendant's violations of the ADA nor the Unruh Act on violations of WCAG 2.1.  However, the Department of Justice ("DOJ") has issued guidance on how to make web content accessible to people with disabilities.   The DOJ's guidance provides that: "Existing technical standards provide helpful guidance concerning how to ensure accessibility of website features. These include [WCAG] and the Section 508 standards, which the federal government uses for its own websites."[1]  Accordingly, although not a sole basis to premise violations of the ADA and the Unruh Act on, WCAG "provide helpful guidance concerning how to ensure accessibility of website features."

19.    Within this context, the Ninth Circuit has recognized the viability of ADA claims against commercial website owners/operators with regard to the

---

[1] https://beta.ada.gov/resources/web-guidance/

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

accessibility of such websites.  *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905-06 (9th Cir. 2019*), cert. denied*, 140 S.Ct. 122, 206 L. Ed. 2d 41 (2019).  This is in addition to the numerous courts that have already recognized such application.

20.   Each of Defendant's violations of the Americans with Disabilities Act is likewise a violation of the Unruh Civil Rights Act.  Indeed, the Unruh Civil Rights Act provides that any violation of the ADA constitutes a violation of the Unruh Civil Rights Act.  Cal. Civ. Code § 51(f).

### FACTUAL BACKGROUND

21.   Defendant offers the website to the public.  The website offers features which should allow all consumers to access the goods and services which Defendant offers in connection with its physical location through the website.  The goods and services offered by Defendant through the website in conjunction with its restaurant include, but are not limited to, the following: restaurant reservations, online ordering, gift cards, private events, catering, and special offers.  Consumers can also use Defendant's website to access Defendant's menu, explore Defendant's wine list, contact Defendant, view Defendant's gallery, learn about Defendant's business and team members, peruse press releases, sign in to personalized accounts, find the restaurant location and hours of operation, receive directions to Defendant's restaurant, and access Defendant's social media webpages.

22.   Due to Defendant's failure to properly code its website, Plaintiff has been and is still being denied equal and full access to Defendant's restaurant and the numerous goods, services, and benefits offered to the public through Defendant's website in conjunction with Defendant's brick-and-mortar restaurant .

### THE WEBSITE BARRIERS DENY PLAINTIFF ACCESS

23.   Plaintiff is a visually impaired and legally blind person, who cannot use a computer without the assistance of screen-reading software.  However, Plaintiff is a proficient user of JAWS and uses it to access the internet.  Plaintiff visited https://www.barriquevenice.com/ using the screen-reader, JAWS, to make

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

1    restaurant reservations.

2          24.    During Plaintiff's visit to Defendant's website, Plaintiff encountered

3    multiple access barriers which denied Plaintiff full and equal access to the facilities,

4    goods, and services offered to the public and made available to the public on

5    Defendant's website.   For example, Plaintiff who desired to reserve a table at

6    Defendant's restaurant, was unable to make a reservation at Defendant's restaurant

7    because of Defendant's website coding failures.   To give some context, Plaintiff

8    uses her keyboard to navigate websites, as she is not sighted and cannot use a

9    mouse.  Thus, in order for Defendant's website to be readable by Plaintiff's screen-

10   reader, Defendant must implement appropriate website coding practices so that the

11   nonvisual elements of Defendant's website can be read aloud by Plaintiff's screen-

12   reader.  As a result of Defendant's deficient coding practices, Defendant's website

13   was not compatible with Plaintiff's screen-reader—denying her the ability to make

14   a reservation.

15         25.    If Defendant had sufficiently coded the website to be readable by

16   Plaintiff's screen-reader and accessible with her keyboard, Plaintiff would have

17   been able to interact with these elements and complete a reservation as a sighted

18   person could.

19         26.    Accordingly, Plaintiff was denied the ability to access Defendant's

20   website and reserve a table, a service which Defendant provides through the website

21   in conjunction with its place of public accommodation, its restaurant, because

22   Defendant failed to have the proper procedures in place to ensure that content

23   uploaded to the website contains the proper coding to convey the meaning and

24   structure of the website and the goods and services provided by Defendant.

25         27.    Due to the widespread access barriers Plaintiff encountered on

26   Defendant's website, Plaintiff has been deterred from accessing Defendant's

27   website and Defendant's restaurant because Plaintiff was unable to use the website

28   to complete a reservation.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

28.   Despite Plaintiff's attempt to do business with Defendant on its website, the numerous access barriers contained on the website and encountered by Plaintiff, have denied Plaintiff full and equal access to Defendant's website. Plaintiff, as a result of the barriers on Defendant's website, continues to be deterred from accessing Defendant's website.  Likewise, based on the numerous access barriers Plaintiff has been deterred and impeded from the full and equal enjoyment of goods and services offered in Defendant's restaurant.

29.   Plaintiff intends to access the website to make a reservations and patronize Defendant's restaurant; however, the website barriers continue to deter her from utilizing the website with her screen-reader to make a reservation, denying her access to the goods and services of Defendant's brick-and-mortar restaurant location.

## DEFENDANT'S WEBSITE HAS A SUFFICIENT NEXUS TO DEFENDANT'S RESTAURANT TO SUBJECT THE WEBSITE TO THE REQUIREMENTS OF THE ADA

30.   Defendant's website is subject to the ADA because the goods and services offered on the website are an extension of the goods and services offered in Defendant's brick-and-mortar restaurant.  For example, the goods and the services which can be procured online are available for purchase in Defendant's brick-and-mortar restaurant.  Thus, since the website facilitates access to the goods and services of a place of public accommodation, and Defendant's deficient coding practices denied Plaintiff those very goods and services, the website falls within the protection of the ADA because the website connects customers to the goods and services of Defendant's restaurant.  Moreover, the goods and services provided through the website are not accessible to Plaintiff, a legally blind screen-reader user.

## DEFENDANT MUST REMOVE BARRIERS TO ITS WEBSITE

31.   Due to the inaccessibility of the Defendant's website, blind and visually impaired customers such as Plaintiff, who need screen-readers, cannot fully

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

and equally use or enjoy the facilities and services Defendant offers to the public on its website.  The access barriers Plaintiff has encountered have caused a denial of Plaintiff's full and equal access in the past and now deter Plaintiff on a regular basis from accessing the website.

32.    These access barriers on Defendant's website have deterred Plaintiff from enjoying the goods and services of Defendant's brick-and-mortar restaurant which are offered through Defendant's website in a full and equal manner to sighted individuals.   Plaintiff intends to visit the Defendant's website to complete a reservation if Plaintiff could access Defendant's website as a sighted person can.  If Plaintiff can use Defendant's website to make a reservation using her screen-reader, Plaintiff intends to visit Defendant's brick-and-mortar restaurant.

33.    If the website were equally accessible to all, Plaintiff could independently navigate the website and complete a desired transaction, as sighted individuals do.

34.    Plaintiff, through Plaintiff's attempts to use the website, has actual knowledge of the access barriers that make these services inaccessible and independently unusable by blind and visually impaired people.

35.    The Defendant uses standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination against others, as alleged herein.

36.    The ADA expressly contemplates the injunctive relief that Plaintiff seeks in this action.  In relevant part, the ADA requires:

> In the case of violations of … this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities …. Where appropriate, injunctive relief shall also include requiring the … modification of a policy …. 42 U.S.C. § 12188(a)(2).

37.    Because Defendant's website has never been equally accessible, and

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd. 12ᵗʰ Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

because Defendant lacks a corporate policy that is reasonably calculated to cause the Defendant's website to become and remain accessible, Plaintiff invokes 42 U.S.C. § 12188(a)(2) and seeks a permanent injunction requiring the Defendant to retain a qualified consultant acceptable to Plaintiff to assist Defendant to comply with WCAG 2.1 guidelines for Defendant's website.   The website must be accessible for individuals with disabilities who use desktop computers, laptops, tablets, and smartphones.   Plaintiff seeks that this permanent injunction require Defendant to cooperate with the agreed-upon consultant to: train Defendant's employees and agents who develop the website on accessibility compliance under the WCAG 2.1 guidelines; regularly check the accessibility of the website under the WCAG 2.1 guidelines; regularly test user accessibility by blind or vision-impaired persons to ensure that the Defendant's website complies under the WCAG 2.1 guidelines; and develop an accessibility policy that is clearly disclosed on the Defendant's website, with contact information for users to report accessibility-related problems and require that any third-party vendors who participate on the Defendant's website to be fully accessible to the disabled by conforming with WCAG 2.1.

38.   If Defendant's website were accessible, Plaintiff could independently access information about the services offered and goods available for online purchase through Defendant's website and complete a reservation.

39.   Although Defendant may currently have centralized policies regarding maintaining and operating Defendant's website, Defendant lacks a plan and policy reasonably calculated to make Defendant's website fully and equally accessible to, and independently usable by, blind and other visually impaired consumers.

40.   Defendant has, upon information and belief, invested substantial sums in developing and maintaining Defendant's website, and Defendant has generated significant revenue from Defendant's website.   These amounts are far greater than the associated cost of making Defendant's website equally accessible to visually

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

COMPLAINT AND DEMAND FOR JURY TRIAL

impaired customers.

41.   Without injunctive relief, Plaintiff will continue to be unable to independently use Defendant's website, violating her rights.

## COUNT I

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181 *ET SEQ.*

42.   Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 41, inclusive, of this Complaint as if set forth fully herein.

43.   Section 302(a) of Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

44.   Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations"; and "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).  "A public

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense." 28 C.F.R. § 36.303(a). In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 36.303(c)(1)(ii).

45.     Defendant's location is a "public accommodation" within the meaning of 42 U.S.C. § 12181 *et seq*. Upon information and belief, Defendant generates millions of dollars in revenue from the sale of its amenities and services, privileges, advantages, and accommodations in California through its location, related services, privileges, advantages, and accommodations, and its website, https://www.barriquevenice.com/, is a service, privilege, advantage, and accommodation provided by Defendant that is inaccessible to customers who are visually impaired like Plaintiff. This inaccessibility denies visually impaired customers full and equal enjoyment of and access to the facilities and services, privileges, advantages, and accommodations that Defendant makes available to the non-disabled public. Defendant is violating the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., in that Defendant denies visually impaired customers the services, privileges, advantages, and accommodations provided by https://www.barriquevenice.com/. These violations are ongoing.

46.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

///

///

COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## COUNT II

## VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *ET SEQ.*

47.     Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 46, inclusive, of this Complaint as if set forth fully herein.

48.     Defendant's location is a "business establishment" within the meaning of the California Civil Code § 51 *et seq.*  Upon information and belief, Defendant generates millions of dollars in revenue from the sale of its services in California through its location and related services, and https://www.barriquevenice.com/ is a service provided by Defendant that is inaccessible to customers who are visually impaired like Plaintiff.  This inaccessibility denies visually impaired customers full and equal access to Defendant's facilities and services that Defendant makes available to the non-disabled public.  Defendant is violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, in that Defendant is denying visually impaired customers the services provided by https://www.barriquevenice.com/.  These violations are ongoing.

49.     The actions of Defendant were and are in violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, and, therefore, Plaintiff is entitled to injunctive relief remedying the discrimination.

50.     Plaintiff is also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense.

51.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

52.     Plaintiff is also entitled to a preliminary and permanent injunction enjoining Defendant from violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, and requiring Defendant to take the steps necessary to make https://www.barriquevenice.com/ readily accessible to and usable by visually impaired individuals.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant as follows:

A.    A preliminary and permanent injunction pursuant to 42 U.S.C. § 12188(a)(1) and (2) and section 52.1 of the California Civil Code enjoining Defendant from violating the Unruh Civil Rights Act and ADA and requiring Defendant to take the steps necessary to make https://www.barriquevenice.com/ readily accessible to and usable by visually-impaired individuals;

B.    An award of statutory minimum damages of $4,000 per offense pursuant to section 52(a) of the California Civil Code.

C.    For attorneys' fees and expenses pursuant to California Civil Code §§ 52(a), 52.1(h), and 42 U.S.C. § 12205;

D.    For pre-judgment interest to the extent permitted by law;

E.    For costs of suit; and

F.    For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself, hereby demands a jury trial for all claims so triable.

Dated: March 10, 2023              Respectfully Submitted,

*/s/ Binyamin I. Manoucheri*
Thiago M. Coelho
Binyamin I. Manoucheri
**WILSHIRE LAW FIRM**
*Attorneys for Plaintiff Portia Mason*

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137